The next case on the docket is 524-0504, People v. Terry I. Tinsley. We have counsel by remote, Mr. Barrett of the state and Ms. Lam for the defendant, who is here in person. All right, when you're ready, you may proceed. May it please the court, counsel, Ms. Lam on behalf of Terry I. Tinsley. On appeal, Terry I. argued, one, that the trial court deprived him of his constitutional right to self-representation, and two, that the trial court committed various errors at his preliminary Green Court inquiry, including that the preliminary inquiry was inadequate as to his claim regarding defense counsel failing to file a motion to suppress his statements to police. So first, Terry I. asks this court to remand for a new trial because he was denied his right to self-representation. Here, the trial court abuses discretion by denying Terry I.'s clear and unequivocal request to proceed pro se. Courts have long recognized that the right to self-representation is as basic and fundamental as the right to counsel. A defendant may waive his constitutional right as long as it's knowingly, voluntarily, and intelligently done. Courts may consider such a decision unwise or a big mistake. But a defendant's knowing and intelligent election to represent himself must be honored. Here, Terry I.'s request is clear and unequivocal. It is clear because defense counsel actually filed a motion explicitly stating that Terry I. wanted to proceed pro se. Terry I. contacted counsel, and counsel filed a motion, which means that the trial court was officially and formally put on notice of the need to determine Terry I.'s waiver of counsel. And counsel advised the court that Supreme Court Rule 401A was needed to determine whether the waiver was knowing, intelligent, or voluntary. Did the court go through the 401 matters? No, Your Honor. No, Your Honor. Did the defendant agree to a continuance? Of this matter? Yes. So, yes, Your Honor, but that was after 15 pages of the court dissuading Terry I. from going pro se. So the issue here is that Terry I. makes a clear and unequivocal request. Counsel is aware, the court is aware, because the court immediately starts advising Terry I. of the dangers of going pro se. That the court would find it unwise, that the court would find that Terry I. was not able to make, would not be able to defend himself in this case where, again, there were nine counts of first degree murder. But counsel wasn't this conditional. He was looking to hire private counsel, right? That's correct, Your Honor. So it was my understanding that the trial court basically said, let's continue this, and you can renew your motion, essentially pending private counsel. How is that not conditional? Your Honor, that may be conditional, but that's not equivocal. And we would actually argue that it wasn't conditional because the issue is that he was waiting for a pro bono attorney. But what was clear was that he was not willing to stay with his defense counsel. So maybe the pro bono attorney was coming or they were searching for one, but he clearly told the court that I did not want defense counsel, who was clearly on the case. And he said that instead of defense counsel, I would rather represent myself. So that was clear. But could he not have renewed his motion? Didn't the judge specifically offer that to him? That's true, Your Honor. However, that was 15 pages after he repeatedly tried to inform the court, even if I'm not a lawyer, I have access to the law library. I have access to others who can help me. I may not be legally educated, but I am able to do more than what defense counsel can do for me at this point. I'm having a hard time reconciling. What would the trial court have done? I mean, go through the admonishments and still continue the match? No, Your Honor. I think a crucial point here is even if Tarion said no, no, I don't want to continue this, that would not have affected the trial court's decision. The trial court stated, I think I have the quote, that I'm required to find you knowingly, voluntarily, and understandably are electing to go without an attorney. And I cannot do that today. The court says I cannot do that today. So even if Tarion continued to push the court, continued to ask to go pro se, the court said today because of all of your shortcomings and your deficiencies that aren't your fault, you are just not a lawyer. And I can't find that today, that he was able to go pro se. So the continuance is after the court dissuaded him from going pro se, saying that you're not a lawyer, are you? Are you educated in the law? You're not, right? So the court repeatedly says I have concerns about you going pro se. Again, I have concerns about you electing to represent yourself when you're charged with nine counts of murder. If he had read 401 to the defendant, don't you think the court was in a position where he still would have not allowed your client to go forward? Pro se? Yes, and that would be error. Because the court's reasons that he couldn't go pro se were essentially because he wasn't an attorney, he wasn't a lawyer. And that didn't change in the two years. So the state makes a big deal about how he didn't renew his request within the two years before trial. But he still wasn't a lawyer two years later. That wouldn't have changed. And the court said. But he knew he wanted to go pro se. That's correct, Your Honor. But he was willing to renew. I think that's the state's position, is he could have renewed that request. That's correct, Your Honor. There's case law saying that a futile request, when you know that the court's not going to grant you the option to go pro se, when the court's going to deny your constitutional right to self-representation because you tried it, and the court in 15 cases told you not. But how do we know that the judge would deny it? Because I believe that the judge left in the minute entry that so anyone in the future would know that this motion could be recalled. Didn't they say something along those lines? That's correct, Your Honor. So the docket sheet says that. So the court says anyone that sees the docket sheets will know that we continue this matter. But if we read the report of proceedings, the transcripts, it says that the shortcomings, the deficiencies aren't your fault. You're just not a lawyer. Again, that doesn't change in the two years. He's not going to be a lawyer. He knows if you read – based on what the court told him, he knows that he's not a lawyer, he's not going to be legally educated or going to law school during the two years. Nothing's going to change. His requests, his further requests are going to be denied because he's still going to be the same person without a law degree, without a legal education. What about this point that they made that he filed other motions, other pro se motions? How do you address that? That's correct, Your Honor. And, again, those other pro se motions minus, of course, the one of ineffective assistance of counsel, those weren't really addressed by the court. He knows that he's not being addressed by the court because he is represented by a counsel, and that's what the judge says, that you'll stay with defense counsel. So I don't think that changes anything. With the fact that he tried it, the court said, no, it's not your fault, but these deficiencies, these shortcomings that you have, just the court can't find you today to be able to represent yourself. In other words, this is a structural error. So the court denied him for reasons that, again, are not allowed in Illinois. So Illinois says that the court can't legally deny a defendant the right to go pro se if the defendant is unfit or mentally incapable, or if the defendant is using this as a delay tactic, but, again, we know that's not because that was two years before his trial goes forward, or if there's some sort of lack of civility where the defendant is prohibiting the case from going forward or making obstructionist behaviors or threats in court. None of that happens. Tarion is very polite. He asks the court. He goes through the proper procedures. He tells his attorney. The attorney informs the court officially and formally, and that's what happens. There's an abuse of discretion here because the trial court denies him his constitutional right to represent himself because we're not not understanding the court. The court realistically had concerns because Tarion was young, and Tarion wasn't a lawyer, and he wasn't legally educated, but he was 18 at this point. He was an adult. He would have been able to know if the court gave the 401s, and Tarion says here that he thinks about it every day, that he's facing a life sentence. He's thinking about that every day. He recognizes what he's facing, and he still wanted to go pro se. He did not want defense attorney. So unless there's any questions, we ask the court to meet him for a new trial as to that matter. For the second issue, which is the Crankville issue, I want to focus the rest of my time on the inadequate inquiry. I see that my time is up. If you want to close up, just go ahead. Well, we ask that this court find that the Crankville inquiry was inadequate as to the suppression motion because defense counsel did not file a motion to suppress, and defense counsel was present in court, but the court did not make any inquiry. So there isn't a sufficient record on this matter. Okay. Any questions? No. Okay. You'll have a few minutes after the state. We hear their argument. Mr. Barrett? Can you hear me? You're muted. Oh, I'm muted. Okay. Can you hear me now? Well, we can. Do you have a response? You may proceed. You may proceed. Can you see him? Good afternoon, Your Honors. Counsel, John Barrett representing the people of the state of Illinois. May it please the court. The trial court in this case did exactly what the law requires. It protected a teenage defendant from a constitutionally invalid partial waiver of counsel in a triple murder case, and it conducted a thorough Crankville inquiry that every plaintiff actually pursued. The convictions and sentences should be affirmed for two reasons. First, on self-representation, the court did not use suppression. Defendant's request was explicitly conditional. He wanted to represent himself only until he could find a pro bono lawyer. Because there was no such thing as a partial waiver, this conditional request proved he could not make a valid waiver at that time. Secondly, as to the Crankville issue, there was no manifest error. Defendant voluntarily withdrew his suppression claim. This main trial delay was a factual necessity caused by his own conduct. And counsel's strategic decisions secured a partial acquittal, a hallmark of effective advocacy. So turning to the first issue, the invited error doctrine bars defendant's ability to bring his claim because it was defendant who had agreed that waiting was in fact what he wanted to do. After warning defendant of the grave risks of facing nine murder counts as an 18-year-old, the court proposed a specific solution. Continuing the motion to see if a pro bono lawyer would appear. Defendant was given an ample warning about the grave dangers of representing himself under those circumstances. And the fact that defendant had explicitly conditioned his waiver of the right to counsel on being able to get another counsel is not a legal reality. A partial waiver doesn't exist. So defendant expressly agreed to the court's suggestion that they continue the argument. And it had been taken up at such later time as defendant knew whether a pro bono lawyer would be available. The trial court did not abuse its discretion in that decision. Now looking just at the conditional nature of defendant's request itself, this was not a clear and unequivocal request. And as I alluded to a few moments ago, I'm correct that you either waive counsel or you don't. There's no partial waiver. By framing it as a bridge to substitute counsel, that is a way to counsel. So, you know, the idea of let's just hit the pause button, let's continue this and bring it up again and give you some time to determine whether pro bono counsel may become available, that was absolutely within the court's ability to do. And counsel had, opposing counsel, had alluded to the fact that part of the trial court's decision was on the shortcomings or the lack of legal education. That was not a decision in which, you know, there was a denial of defendant's request to represent himself. The trial court was warning defendant and going over the risks of self-representation. So by highlighting those risks, the court was doing exactly what it was required to do. And its ultimate decision came from the fact that this wasn't a known waiver. This was an equivocal conditional waiver, a partial waiver, that is not a legal reality. And so the court could not at that time grant the request. And the defendant also alludes to, in the reply brief, that renewing his motion would have been futile because the court was focusing on his shortcomings. Now the court, it explicitly stated it couldn't find a waiver today. With respect to the future, and the focus was on whether he would obtain pro bono counsel, the focus was not on his lack of legal education. And then it creates the mechanism of which he could call a promotion at a later time. So the defendant filed multiple pro se motions on other topics over the next two years. It understood that he could bring motions in front of the court. And in fact, the post-trial pregnant hearing addressed two of those pro se motions on ineffective assistance of counsel. So the defendant was not silenced. And clearly the defendant did not feel that he was silenced in any way. He knew he could bring these motions to the court's attention. And the fact that he actively worked with his counsel on demanding speedy trial, and working with counsel during the plea negotiation process, shows cooperation. That's abandoned. The cases that the people have cited stand for the proposition that looking at the defendant's long-term behavior at the request can be evidence of an abandonment, where the defendant doesn't bring a request back to the court's attention. In here, he's cooperating with his counsel. So as to the first issue, those are the essential points that people have with respect to Issue 1. Unless there's any questions about that, I'll turn to this second issue. I know opposing counsel didn't get to a whole lot of the meat of that, but I will try to get into it if I can. Issue 2 had to do with the insufficient pregnant inquiry, focusing on the failure of counsel to file a motion to suppress the defendant's statements during the interrogation. Now, again, the people would highlight that here, the defendant invited the withdrawal, invited the result. He expressly withdrew that claim at the hearing, at the preliminary briefing inquiry. It stopped because the defendant stopped it. He said, no, you moved past that and it wasn't relevant. And the defendant's comment that it was just a feeling highlights that there were no facts. The facts that would support the claim just weren't included in the claim as it was alleged. Counsel, did the trial court still address that issue even after the defendant said that we could move on from that issue? Was that not still addressed? The trial court still addressed it, but this was a record claim. It was a record-based claim and the defendant's original motion. And you can look at the parentheses at the end of it. It references and it slides to that video specifically. It says, seek interrogation video. So the claim had to do with the conduct that was captured on the video and still before it. It expressed that it had seen the video and there was no video record evidence that there was anything in basis to file a suppression motion. This contrasts from the Morgan case defendant's sites where there were off-record plea negotiations as part of the defendant's claim. And the trial court in that case erred by not inquiring of the defense counsel what was the substance of these conversations. Here, defendant's claim had entirely to do with the video. See video in parentheses. So this was entirely record-based. The court had seen the video and the fact that the defendant withdrew the claim, you know, the court did not manifest behavior in ruling at that time based on its own impressions. Let me just turn here to a couple of just additional points I wanted to make. In terms of the speedy trial claim, so the defendant raised a claim that there was, his counsel should have filed a speedy trial motion objecting, or at least objected on the record when the trial was scheduled for December. And this was on the eve of the trial. So we had the plea agreement that the state had provided, and then let me pull up the timeline here. So the final pretrial hearing on May 11th of 2023, defense counsel told the court that the defendant had decided that he wanted to reject the plea and that he wanted to receive the trial. At that point, all the witnesses were released. There was absolutely no way that the court wasn't going to attribute the delay to defense counsel or a defendant for making that request based on those circumstances. And there was just no basis to lodge an ineffective assistance claim based on counsel, you know, essentially not making a meritless motion because, you know, there's no way that the delay wouldn't have been attributable to the defendant. On the eve of the trial, you know, essentially rejecting this plea and after the state had already released the witnesses and reliance on the plea. So let me just check here on the, oh, I'm sorry, this is my time zone. I'm sorry. I did not notice at the time that you were out. That's all right. It goes quickly. Oh, my goodness. No. No questions. Okay. We have no questions for you, but thank you for your arguments here today on behalf of the state. We're going to let Ms. Knob go forward and finish her argument. Okay. Thank you, Your Honor. You're welcome. Your Honors, regarding the matter of returning back to his pro se or request of a pro se, it's important to distinguish what the court was supposed to do and what the court actually did. The court denied him his constitutional right because he was not a lawyer. He was not legally educated. What the court should have done was determine whether he could knowingly, voluntarily, and intelligently waive his right to counsel if he could go pro se. Isn't that what the court was doing, though, is determining whether he was voluntarily able to waive? Well, no, Your Honor, because Supreme Court Rule 401A states that what the court should have done was tell Tyrion the nature of the offense, what you're charged with, the maximum and minimum. And, again, Tyrion said that he thought about his potential life sentence every single day and that he had the right to counsel. So that's what the court should have done. And once Tyrion said, I still want to withdraw Mr. Morris's representation, that's all that it would have taken. It doesn't seem that it's enough to just read a rule. It seems that you have to knowingly and voluntarily waive. And if the court didn't think that your client was able to do that, then it would have been okay not to let him do it at that time. That's correct. But the reasons that the court said he wasn't able to grant Tyrion's request to proceed pro se was because he didn't know how to proceed with the jury trial. He wasn't on a basis, he didn't know how to proceed, he was young. Those things that the court said, you don't think that's a basis for voluntariness or knowingly? According to cases such as People v. Albio, Woodson, that's not enough. The fact that the defendant may not be a lawyer or legally able to perceive like a lawyer is not a valid basis in Illinois. It would be if he's unfit, if he was mentally incapable. But again, Tyrion was 18. He was an adult. At that point, he was an adult. Maybe it's an unwise decision, but that's not enough. The court should not have denied him his constitutional right because he was 18. He was an adult. He knew what he was facing. He said that. And he still wanted to go without Mr. Law. He said that, I would rather represent myself because I can do more for myself than my attorney has been doing for me. Turning to, unless there's any questions, turning to the Craneville issue regarding suppression, I want to point this court to page CI-8, which is paragraph 12 in his pro se motion of ineffective assistance. Tyrion's defense, the defendant was 16 years old when he was arrested and he's been incarcerated for four years, is not a lawyer. Again, he has no training in law or court procedures, does not have a law degree. This is exactly what the court told him when it refused to grant him his right to go pro se. And he says there could be more issues. Defendant can't understand to point them out. Defendant has limited resources. And in a walk, he wasn't sure if he could lawfully present all of the issues. But what he did was he complained about House's failure to file a motion to suppress. He said that he told the detectives, I want to terminate my interview. And the detectives didn't because we have state exhibits DD and EE. So even after he told the detectives, I want to terminate my interview, the detectives continued. They didn't stop the interview. And he's saying that the attorney should have filed a motion to suppress on this matter. And I would disagree with the state that this is just a record-based issue. Because if this court reviews exhibits EE and DD, the actual interview is about five hours or over five hours. So we have snippets of the interview that were presented to the jury. So the court couldn't have made a knowing decision based off of just the exhibits that were shown to the jury. And there's no burden on or there's no burden or some sort of problem with the court making an inquiry here. But Tiernan specifically said, I may not be lawfully presenting this. I may not know exactly how to present it. And he says it was just a feeling. He had a feeling. So he says, maybe it's irrelevant. We can move past it. I had a feeling. And then he says that it was potentially because he didn't know how to present it or maybe he didn't legally know how to present it. And again, that's what we have in the record. And the defense counsel was present. Now my time is up. The defense counsel was present. He would have been able to answer the questions. There was no extra burden on the trial court to ask or conduct a proper inquiry here. So unless this court has any questions, we ask the court to adjourn the trial or to remand for further painful proceedings. OK. Thank you very much. Thank you both for your arguments here today. This matter will be taken under advisement, and we will issue an order in due course.